IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Dante Hughes and Angela Ann Hughes,<br><br>  Plaintiffs,<br><br>vs.<br><br>PHH Mortgage Corporation a/k/a PHH Mortgage Services,<br><br>  Defendants. | Case No.: 4:24-cv-00985-JD<br><br>**MEMORANDUM ORDER AND OPINION GRANTING SUMMARY JUDGMENT** |

Plaintiffs Michael Dante Hughes and Angela Ann Hughes (collectively, "Plaintiffs") sued Defendants PHH Mortgage Corporation a/k/a PHH Mortgage Services ("PHH Mortgage" or "PHH") and Equifax Information Services, LLC ("Equifax"),[1] asserting claims under the Fair Credit Reporting Act ("FCRA"), for breach of contract (the settlement agreement, note, mortgage), slander of credit, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). (DE 1.) PHH Mortgage moved for summary judgment on all claims asserted against it. (DE 36.) Plaintiffs filed a response in opposition. (DE 50.) PHH Mortgage thereafter filed a reply. (DE 54.)

For the reasons below, the Court grants PHH Mortgage's motions for summary judgment (DE 36).

---

[1] Plaintiffs and Equifax filed a joint stipulation of dismissal with prejudice as to Plaintiffs' claims against Equifax. (DE 79.) Accordingly, Equifax is dismissed from this case.

1

## I.   BACKGROUND

### A.   Factual Background

Plaintiffs obtained a mortgage loan serviced by PHH. Following disputes about the servicing of their account, including the application of payments and the assessment of fees, Plaintiffs and PHH settled on August 23, 2021, which resolved claims raised in a prior bankruptcy adversary proceeding. (DE 50 at 1–2; DE 36-3.) The agreement addressed the waiver of certain fees, obligations regarding credit reporting, and the proper application of future payments. (*Id.*)

Plaintiffs allege that PHH breached the settlement agreement by assessing a $250 bankruptcy-related attorney's fee, misapplying payments, and issuing inaccurate monthly statements post-settlement. (DE 50 at 2; DE 36-5 at 5–6.) Plaintiffs also contend that PHH paid for an unauthorized hazard insurance policy and inaccurately treated their account as delinquent. (DE 1 ¶¶ 17–18.) According to Plaintiffs, PHH's conduct caused financial harm, reputational damage, and adverse credit impacts. (*Id.* ¶¶ 19–20; DE 50 at 2–3.)

Plaintiffs also allege that PHH inaccurately reported information to credit reporting agencies and failed to correct those inaccuracies following the 2021 settlement. They assert that the resulting derogatory credit information contributed to the denial of an Economic Injury Disaster Loan (EIDL) and unfavorable auto loan terms. (DE 1 ¶ 20; DE 50 at 2–3.) However, PHH maintains that it did not furnish post-settlement credit information regarding Plaintiffs and that no dispute was ever communicated to it by a consumer reporting agency under the FCRA. (DE 36-2 at 6, Verdooren Decl. ¶¶ 17–20.)

And PHH contends that Plaintiffs failed to disclose documentation substantiating their claimed damages in discovery. For example, although Plaintiffs testified to credit denials and physical symptoms—such as migraines and acid reflux allegedly experienced by Angela Hughes—PHH asserts that these categories of damages were not properly disclosed in written discovery responses. (DE 36-1 at 6–8; DE 36-8 at 4–5.)

**B.  Procedural Background**

Plaintiffs filed this action on February 27, 2024, asserting seven causes of action: (1) violation of the FCRA (Counts I, II) against Equifax and (Count III) against PHH, (2) breach of the August 2021 settlement agreement (Count VI) against PHH, (3) breach of the note and mortgage (Count VII) against PHH, (4) slander of credit (Count IV) against PHH and Equifax, and (5) violation of the SCUTPA (Count V) against PHH. (DE 1.) PHH answered the Complaint on May 1, 2024 (DE 14).

On May 17, 2025, PHH moved for summary judgment on all claims asserted against it. (DE 36.) PHH argues that Plaintiffs have failed to demonstrate the existence of a genuine issue of material fact with respect to any claim and that its conduct was legally compliant and contractually justified. PHH also argues that Plaintiffs' SCUTPA and slander of credit claims are preempted by the FCRA and independently deficient. (DE 36-1 at 12–28.) Plaintiffs filed a response in opposition on May 27, 2025 (DE 50), and PHH filed its reply on June 10, 2025 (DE 54). The motion is now fully briefed and ripe for disposition.

## II.    LEGAL STANDARD

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* at 322. "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) (citation omitted). If the burden of proof at trial would be on the nonmoving party "a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp.*, 477 U.S. at 324. "[T]he burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. "If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied[] . . . ." *Id.* at 332 (Brennan, J., dissenting).

Accordingly, once the movant has made this threshold demonstration, to survive the motion for summary judgment, under Rule 56(e), the nonmoving party must "go beyond the pleadings and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (citation omitted). Under this standard, "the mere existence of a scintilla of evidence" in favor of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion." *Wai Man Tom*, 980 F.3d at 1037.

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Cts*, 780 F.3d 562, 568 (4th Cir. 2015) (quoting 10A Charles A. Wright et al., *Federal Practice & Procedure* § 2728 (3d ed. 1998)). "The court may grant summary judgment only if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021). "Therefore, courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted and alterations adopted). A court improperly weighs the evidence if it fails to credit evidence that

contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 659–60.

### III.  DISCUSSION

Plaintiffs assert several causes of action against PHH: (1) violation of the FCRA (Count III); (2) slander of credit (Count IV); (3) violation of SCUTPA (Count V); (4) breach of the August 2021 settlement agreement (Count VI); and (5) breach of contract. (DE 1.) As explained below, the Court concludes that there is no genuine dispute of material fact and that PHH is entitled to judgment on Plaintiffs claims.[2]

### A.   FCRA–15 U.S.C. § 1681s-2(b) Claim Against PHH

Plaintiffs allege PHH violated the FCRA by failing to conduct a reasonable investigation and provide accurate and complete information to credit reporting agencies in violation of 15 U.S.C. § 1681s-2(b)(1). (DE 1 ¶¶ 48–56.) To prevail on a

---

[2] While Plaintiffs' response in opposition to PHH's motion for summary judgment attached a deposition of Angela Hughes, Plaintiffs fail to *designate* specific facts in the deposition or other evidence showing a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("the nonmoving party must go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'") (citation omitted) *see also*, *Forsyth* v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment".)

When a party fails to properly dispute facts asserted by the moving party, courts may treat those facts as undisputed for purposes of summary judgment. *See Maffett v. City of Columbia*, No. 3:19-832-MGL-KDW, 2021 WL 4596659, at *1 (D.S.C. Apr. 19, 2021) ("Plaintiff's failure to properly contest Defendant's provided facts and follow the Local Rules could result in having the court consider Defendant's factual statement to be undisputed for purposes of this Motion") (citing *Briggs v. Low Country Home Med. Equip. Co.*, No. 4:14-cv-705-PMD-KDW, 2015 WL 13733954, at *1 (D.S.C. Aug. 31, 2015)).

Since Plaintiffs have not identified or cited to any record evidence to support their opposition to the facts as presented by PHH, the Court finds PHH's factual assertions undisputed under Rule 56(e) of the Federal Rules of Civil Procedure.

claim under § 1681s-2(b), a plaintiff must establish the following elements: (1) that the plaintiff notified a consumer reporting agency of a dispute concerning the accuracy or completeness of information in their credit file; (2) that the consumer reporting agency notified the furnisher (in this case, PHH) of the dispute; and (3) that the furnisher failed to reasonably investigate and correct any inaccurate information. *Swegan v. Ally Fin., Inc.*, No. 3:22-cv-1463-MGL-PJG, 2023 WL 2655917, at *3 (D.S.C. Jan. 20, 2023) (citing *Long v. Pendrick Cap. Partners II, LLC*, 374 F. Supp. 3d 515, 527 (D. Md. 2019)).

Notably, a furnisher of credit information has no duty to investigate the accuracy of information under the FCRA until it receives notice of a dispute from a consumer reporting agency. *Id.* (citing *Mavilla v. Absolute Collection Serv., Inc.*, 539 F. App'x 202, 208 (4th Cir. 2013)). Accordingly, to defeat summary judgment, a plaintiff must present evidence either (1) that a genuine dispute exists as to one of the required elements, or (2) that the furnisher's investigation was unreasonable as a matter of law. *Timms v. USAA Fed. Sav. Bank*, No. 3:18-cv-01495-SAL, 2020 WL 12618897, at *9 (D.S.C. Aug. 20, 2020).

To prevail under the FCRA, a plaintiff must also establish actual damages resulting from either a negligent violation, under 15 U.S.C. § 1681o, or a willful violation, under 15 U.S.C. § 1681n. *Wood v. Credit One Bank, N.A.*, 277 F. Supp. 3d 821, 828 n.12 (E.D. Va. 2017). While § 1681n permits statutory damages for willful violations, both provisions require proof of causation—that is, that the consumer sustained damages "as a result of the failure." *See* 15 U.S.C. §§ 1681n(a)(1)(A),

1681o(a)(1); *Scott v. Resolve Partners, LLC*, No. 1:19-cv-1077, 2023 WL 6388202, at *11 (M.D.N.C. Sept. 29, 2023).

1. **Notice of Dispute**

Plaintiffs' complaint alleges that they "have sent multiple requests to Equifax about these [alleged] errors and sent a dispute letter to Equifax explaining the error and asking the information to be corrected [sic]." (DE 1 ¶ 21.) Plaintiffs also contend that they "are informed and believe[] that Equifax contacted PHH with one or more of these disputes to verify the information from PHH as the furnisher of the information." (*Id.* ¶ 24.) However, PHH contends that it did not receive notification of any indirect disputes, known as Automated Credit Dispute Verification ("ACDV") forms, from a CRA regarding the Loan between August 23, 2021, and February 27, 2024. (*See* DE 36-2, Verdooren Decl. ¶ 20.) Plaintiffs offer no affidavits or other evidence to rebut this claim. Since Plaintiffs cannot satisfy the second element−notification from a consumer reporting agency to PHH of the dispute−PHH is entitled to summary judgment on this claim.

2. **Damages**

The Court finds that Plaintiffs have failed to produce admissible evidence sufficient to establish actual damages in support of their claims against PHH. Plaintiffs allege that they incurred damages in the form of increased costs of borrowing on a vehicle loan, an inability to refinance their mortgage, and emotional distress. (DE 1 ¶ 28; DE 36-7, Angela Hughes' Interrog. Resp. at 4–5 ¶¶ 6, 9.)

First, regarding the purported increase in vehicle loan interest rates, Plaintiffs did not produce any documentation to substantiate the loan transaction or establish

8

that PHH's conduct caused the higher rate. In fact, Plaintiff Michael Hughes testified that he did not know whether the prior bankruptcy had any effect on the auto loan's interest rate. (DE 36-9, M. Hughes Dep. at 33:18–23.) The Court has granted PHH's motion in limine, excluding any documentation or testimony related to the alleged January 2023 vehicle loan based on Plaintiffs' failure to disclose such evidence in discovery. (*See* DE 60; MIL Order Granting DE 39.)

Second, as to the claim that Plaintiffs were unable to refinance their mortgage, the record confirms that they did not apply for refinancing. Angela Hughes expressly admitted, "We did not apply for other loans because of our experiences with these two showed us that it would be pointless." (DE 36-7, Angela Hughes' Interrog. Resp. at 6 ¶ 9.) Courts have repeatedly held that speculative injuries based on hypothetical or unpursued transactions cannot support a claim for actual damages. *See Davenport v. Sallie Mae, Inc.*, 125 F. Supp. 3d 574, 582–83 (D. Md. 2015); *Byrd v. Trans Union LLC*, No. 3:09-609-JFA, 2010 WL 2555119, at *3 (D.S.C. June 18, 2010).

Third, Plaintiffs' claims of "emotional distress" or "extreme stress" similarly fail to meet the legal threshold for demonstrable emotional damages. Plaintiffs did not seek medical, psychological, or psychiatric treatment and did not offer competent expert evidence to establish causation. (DE 58; *see also* DE 37-3.) The Court previously granted PHH's motion in limine, excluding testimony on medical causation for this reason. (*See* DE 58, MIL Order Granting DE 37.) Mere subjective testimony without evidence of medically documented symptoms, diagnoses, or physical manifestations is insufficient under binding Fourth Circuit authority. *See*

9

*Primrose v. Castle Branch, Inc.*, No. 7:14-cv-235-D, 2017 WL 57800, at *8 (E.D.N.C. Jan. 3, 2017); *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 503 (4th Cir. 2007).

Accordingly, because Plaintiffs have not presented evidence of actual damages caused by PHH's conduct that would be admissible at trial, the Court finds that summary judgment is appropriate in favor of PHH on any claim requiring a showing of actual damages, including a negligent violation of the FCRA, 15 U.S.C. § 1681o. *See Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 828 n.12 (E.D. Va. 2017).[3]

---

[3] PHH further contends that it is entitled to summary judgment on Plaintiffs' claims for breach of contract and breach of the settlement agreement (Counts VI and VII). The Court agrees.

Under South Carolina law, a settlement agreement is construed as a contract, and the standard elements of a breach of contract apply. *Byrd v. Livingston*, 398 S.C. 237, 241, 727 S.E.2d 620, 621 (Ct. App. 2012). To prevail on a breach of contract claim, a plaintiff must establish: (1) the existence of a valid contract; (2) a breach of that contract; and (3) damages proximately resulting from the breach. *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009).

While the record reflects that a settlement agreement existed between the parties and that Plaintiffs assert various instances of alleged noncompliance by PHH, Plaintiffs have failed to present admissible evidence of any actual damages resulting from the alleged breaches. As explained in the Court's findings on damages, Plaintiffs' asserted harms—ranging from increased borrowing costs, inability to refinance, and emotional distress—are either speculative, unsupported by the record, or fail to meet the legal standard for demonstrable harm.

Absent competent evidence of damages proximately caused by the alleged breach, Plaintiffs cannot sustain their claims for breach of contract or breach of the settlement agreement. Accordingly, PHH is entitled to summary judgment on Counts VI and VII.

10

### B.     Slander

PHH contends Plaintiffs' claim for slander of credit (Count IV) must fail because it is preempted by the FCRA, 15 U.S.C. § 1681h(e). This Court agrees. The FCRA provides, in relevant part:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (emphasis added). Section 1681t(b)(l)(F) also provides:

> [n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under ... section 1681 s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.

Under this statutory framework, the FCRA preempts defamation-based claims where: (1) the information was disclosed under § 1681g, § 1681h, or § 1681m, and (2) the information was not furnished with malice or willful intent to injure. *See Smith v. Waverly Partners, LLC*, No. 3:10-CV-00028-RLV, 2012 WL 3645324, at *2 (W.D.N.C. Aug. 23, 2012). "Malice," in this context, means that the defendant published material with serious doubts as to its truth or with a high degree of awareness of probable falsity. *Beuster v. Equifax Info. Servs.,* 435 F. Supp. 2d 471, 479 (D. Md. 2006). Similarly, "willful" conduct involves knowing and intentional acts carried out in conscious disregard of a consumer's rights. *Hayes v. Holy Cross Hosp.*

11

*of Silver Spring, Inc.*, No. RWT 06-2824, 2008 WL 11509700, at *6 (D. Md. Sept. 24, 2008). "In South Carolina, '[c]ommon law actual malice means the defendant acted with ill will toward the plaintiff or acted recklessly or wantonly, meaning with conscious indifference towards the plaintiff's rights.'" *Crowe*, 2022 WL 18584370, at *6 (quoting *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 750 (S.C. Ct. App. 2001)).

Here, Plaintiffs have produced no evidence suggesting that PHH furnished any delinquent payments with respect to Plaintiffs' Mortgage, let alone any credit information with malice, willful intent to injure, or conscious indifference toward Plaintiffs' rights. Plaintiffs have offered no evidence that PHH knew or should have known that any of the information in its possession was false or that it acted with the requisite intent to harm. *See Potter v. FIA Card Servs., N.A.*, No. 2:12-CV-1722-RMG, 2012 WL 13005806, at *2 (D.S.C. Sept. 28, 2012).

Accordingly, because the elements for FCRA preemption are satisfied, and because Plaintiffs have not made a showing of malice or willful misconduct, the Court finds that the slander of credit claim is preempted by 15 U.S.C. § 1681h(e) and, therefore, must fail. And summary judgment is granted to PHH on this claim.

**C.    SCUTPA**

PHH argues that it is entitled to summary judgment on Plaintiffs' claim under the SCUTPA for three reasons. (DE 36-1 at 19.) First, to the extent that the SCUTPA claim depends on PHH's credit reporting conduct, it is expressly preempted by the FCRA. Second, Plaintiffs have presented no evidence that PHH's alleged conduct had an adverse effect on the public interest—an essential element of a SCUTPA claim.

Third, Plaintiffs have not established any actual loss of money or property resulting from the alleged conduct, which is also a required element under SCUTPA. Plaintiffs offer no substantive response to these arguments.

"In order to bring an action under the UTPA, the plaintiff must demonstrate (1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998).

South Carolina courts have repeatedly held that SCUTPA is not available to redress private wrongs if the public interest is unaffected. *See Ardis v. Cox*, 314 S.C. 512, 518, 431 S.E.2d 267, 271 (Ct. App. 1993); *Bessinger v. Food Lion, Inc.*, 305 F. Supp. 2d 574, 581 (D.S.C. 2003) ("[C]onduct that affects only the parties to the transaction and not the public interest provides no basis for a SCUTPA claim."); *Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 507-08 (4th Cir. 1992) ("While every private dispute doubtless has remote public ramifications, these cannot be held to satisfy the element of injury to the public interest which is a prerequisite to any recovery under the UTPA.").

Generally, parties can demonstrate that the public interest is affected if the wrongful conduct has the potential for repetition, which can be shown "(1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence or (2) by showing the company's procedures create a

13

potential for repetition of the unfair and deceptive acts." *Daisy Outdoor Advert. Co. v. Abbott*, 322 S.C. 489, 496, 473 S.E.2d 47, 51 (S.C. 1996) (citations omitted).

The Court notes that Plaintiffs' complaint alleges these violations:

- Unauthorized Fees Assessed: Plaintiffs allege that PHH continued to assess and collect attorney's fees related to prior bankruptcy proceedings, in violation of the August 2021 settlement agreement. (DE 1 ¶ 13.)

- Improper Payment Application: PHH allegedly misapplied Plaintiffs' mortgage payments after the settlement, which Plaintiffs contend was inconsistent with the agreed-upon terms. (*Id.* ¶ 14.)

- Incorrect Loan Status and Notices: Plaintiffs assert that PHH treated the loan as delinquent despite their compliance and issued default-related notices improperly. (*Id.* ¶ 15.)

- Late Fees and Monthly Statements: PHH is said to have issued monthly statements that showed a past-due balance and charged late fees, causing confusion and stress. (*Id.* ¶ 16.)

- Force-Placed Insurance: Plaintiffs claim that PHH force-placed a hazard insurance policy despite having proof of their own coverage, which they argue was improper. (*Id.* ¶ 17.)

- Credit Reporting Harm: Plaintiffs allege that PHH's treatment of the loan led to the inaccurate reporting of their payment status, thereby damaging their credit. (*Id.* ¶ 18.)

- Loan Denial Due to Reporting: PHH's alleged failure to update or correct credit reporting is claimed to have contributed to the denial of a Small Business Administration loan. (*Id.* ¶ 19.)

At the summary judgment stage, however, Plaintiffs may not rely solely on the allegations of their complaint. They must instead identify record evidence sufficient to create a genuine dispute of material fact as to actual damages or public interest. PHH has produced such evidence; Plaintiffs have not. For example, PHH has submitted evidence that since August 2021, each of Plaintiffs' mortgage payments

was initially placed in a suspense account but was later fully applied to principal, interest, or escrow obligations. (DE 36-2 ¶ 15; DE 36-6.) all disbursements from Plaintiffs' escrow account were made to Wright National Flood Insurance, which Plaintiffs themselves acknowledge was their chosen flood insurance provider. (DE 36-2, Verdooren Decl. ¶ 17; DE 36-6.)

Regarding Plaintiffs' claim of an improper "principal curtailment," PHH explains that a principal curtailment is the application of funds to reduce the unpaid principal balance of a mortgage loan. (DE 36-1 at 23-24 quoting *Selling Guide – Fannie Mae Single Family*, Fannie Mae, https://selling-guide.fanniemae.com/sel/b2-1.5-05/principal-curtailments (last visited June 24, 2025).) Plaintiffs have identified no evidence that PHH's treatment of their payments was inconsistent with this definition. Accordingly, summary judgment is warranted in PHH's favor on Plaintiffs' SCUTPA claim.[4]

## IV.  CONCLUSION

For these reasons, the Court finds that Defendant PHH Mortgage Corporation has shown the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law on all claims asserted against it. Plaintiffs failed to produce admissible evidence to support their claims under the Fair Credit Reporting Act, breach of contract, slander of credit, or the South Carolina Unfair Trade Practices Act.

---

[4]  Given the Court's ruling, the Court declines to reach PHH's preemption grounds for dismissal.

Accordingly, Defendant PHH's motion for summary judgment (DE 36) is hereby **GRANTED**, and all claims against PHH Mortgage Corporation are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 7, 2025